

# ReedSmith

ReedSmith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450

Paul P. Rooney
Direct Phone: 212.521.5435
Email: prooney@reedsmith.com

**MEMO ENDORSED**

RECEIVED
MAY 07 2007
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

Def to respond to this
letter with 2-3 pp.
Dancker's reply letter by 5/10/07 @
noon. Conference on 5/11/07 @
10:15 (Rm 6A). Parties
to meet & confer in good faith to settle
all issues prior to the Conference.

SO ORDERED:
Date: 5/8/07

Richard M. Berman, U.S.D.J.

May 7, 2007

**BY HAND**

Hon. Richard M. Berman
United States District Judge
United States District Court
Southern District of New York
40 Centre Street
New York, New York 10007

Re: *Dancker, Sellew & Douglas, Inc. v. Joseph Miller and General Office Environments, Inc.*
07 Civ. 3563; Request for Pre-Motion Conference on Order to Show Cause

Dear Judge Berman:

We represent Plaintiff, Dancker, Sellew & Douglas, Inc. ("Dancker"), in this civil action seeking relief for breach of a covenant not to compete from Defendants Joseph Miller ("Miller") and General Office Environments, Inc. ("GOE"). Dancker requests that the Court hold an expedited pre-motion conference on its motion for a temporary restraining order and preliminary injunction.

**Removal Stopped State Court Proceedings Prior To Consideration of Motion**

Dancker began this action in the Supreme Court of the State of New York by filing a Summons and Verified Complaint on May 2, 2007. Dancker also filed an Order to Show Cause for a temporary restraining order and preliminary injunction against Miller to restrain him from violating his covenant not to compete with Dancker by continuing his employment with Dancker's competitor, GOE.

The Supreme Court assigned the Hon. Marcy Friedman to the case on May 3, 2007. At approximately 11:00 a.m. on May 3, 2007, Judge Friedman scheduled a hearing on Dancker's motion for a temporary restraining order for May 3, 2007 at 2:30 p.m. and ordered Dancker to inform

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/8/07

NEW YORK ♦ LONDON ♦ CHICAGO ♦ PARIS ♦ LOS ANGELES ♦ WASHINGTON, D.C. ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND
MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

reedsmith.com

NYLIB-430249.2-PPROONEY 5/7/07 11:57 AM

Hon. Richard M. Berman  
May 7, 2007  
Page 2

ReedSmith

Defendants of the hearing. Dancker immediately faxed a copy of its papers to GOE, Inc. and to Mr. Miller, and telephoned them to inform them of the hearing. At GOE's counsel's requests, Judge Friedman adjourned the hearing until May 4 at 10:00 a.m. GOE appeared at the hearing with counsel and Miller appeared *pro se*. Before the hearing, Defendants removed the case to this Court. Judge Friedman, when informed of the removal, ended the hearing without considering Dancker's motion.

On May 4, 2007, GOE's counsel agreed to accept service of process and another copy of the papers was overnighted to him. Mr. Miller will be served today unless he agrees to informal service.

**Dancker Requests That The Court Now Consider Its Motion Filed In The State Court**

Dancker hereby requests that Your Honor now consider Dancker's motion for a temporary restraining order and preliminary injunction, either, upon the papers filed by Dancker in the Supreme Court, or upon new papers that Dancker will prepare and file immediately upon the Court's request.

Dancker is engaged in the highly competitive business of selling office furniture and related consulting services. While Dancker employed him, Miller worked as a sales representative as part of a team that sold furnishings for laboratories.

Dancker required Miller to enter into an Employee Noncompetition, Confidentiality and Conflict of Interest Agreement (the "Agreement"). The Agreement protects Dancker from exploitation and appropriation of customer good will that it creates and maintains at its expense. It prohibits Miller from employment with a competing business, defined as a company selling office furnishings in the principal geographic areas in which Dancker operates, for 18 months after his employment with Dancker ends.

Miller resigned his employment on April 3, 2007. In disregard of his Agreement, on April 16, 2007, Miller took a job with GOE as a sales representative. Moreover, while Dancker employed him, Miller recruited a project engineer, Nicole Schmitz, from his team, and upon information and belief, assisted in recruiting other members of his team to join GOE. Using Miller's experience and good will

Hon. Richard M. Berman   **ReedSmith**
May 7, 2007
Page 3

built up by Dancker in the area of laboratory furnishings, GOE, which had no business in lab furnishings, is now bidding on three lab furniture projects, directly competing with Dancker.

Under New Jersey law, agreements forbidding employees to compete with their employers for a reasonable time in the geographic areas in which the employers operate are enforceable. *Community Hospital Group, Inc. v. More*, 838 .2d 472, 476 (N.J. Super. App. Div. 2003) (upholding covenant against practice of medicine with 30 miles of a hospital); *J.H. Renarde, Inc. v. Sims*, 711 A.2d 410, 412 (N.J. Super. 1998) (forbidding employee to run competing business within 9 miles).

### Why Motion Practice Is Unavailable To The Party Making The Application

Dancker must proceed by order to show cause, rather than notice of motion, because, if Miller is permitted to continue to breach his Agreement, he will cause imminent and irreparable harm to the good will and business of Dancker for which Dancker will have no adequate remedy at law. Indeed, "[g]enerally, when a party violates a non-compete clause, the resulting loss of client relationships and customer good will built up over the years constitutes irreparable harm." *Ianucci v. The Segal Co.*, 2006 U.S. Dist. LEXIS 43339, at *10-11 (S.D.N.Y. June 26, 2006).

Considering that Defendants have now had the proposed Order to Show Cause since May 3, Dancker respectfully submits that it would be appropriate for the Court to give Miller one day to submit opposition, decide the motion for a temporary restraining order, and set a date in the very near future for the hearing on Dancker's motion for a preliminary injunction.

Respectfully yours,

Paul P. Rooney

cc: Paul H. Levinson, Esq. (Attorney for Defendant GOE) - By Fax
    Mr. Joseph Miller - By Fax
    Christopher Hartman, Esq. (Attorney for Defendant GOE) – By Fax